DG/DG

Thomas J. Carter Pro Se
P.O. Box 451292
Grove, OK 74345-1291

FILED
JUL 27 2020
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

United States District Court

Northern District of Oklahoma

Civil Division

THOMAS JEREMIAH CARTER,

    Plaintiff,

vs.

CITY OF JAY DELAWARE COUNTY, a municipal entity;

District Judge - ALICIA LITTLEFIELD,

District Attorney - KENNETH WRIGHT Asst.

District Attorney (former) - RANDALL YATES,

Deputy Sheriff - TRAVIS BAKER,

Delaware County Court Clerk - CAROLINE M. WEAVER

STATE OF OKLAHOMA, a municipal entity;

Risk Management Officer's -

(former) TY ZABEL &

(current) ADRIANO CORONEL,

Oklahoma Insurance Commissioner - GLEN MULREADY

In all their individual and official capacities,

    Defendants,

///

Case No.: 20 CV - 365 JFH - JFJ

COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. §1983, §1981, §1985-§1988

**Jurisdiction & Venue**

CIVIL COMPLAINT - 1

Fees Paid

1. This is an action for relief and damages pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. §1367.

### Parties

2. Plaintiff, THOMAS JEREMIAH CARTER, (hereinafter "Plaintiff") resides at 53718 E 341 LOOP Jay, Oklahoma 74346.

3. Defendant, ALICIA LITTLEFIELD (hereinafter "Defendant Littlefield") is currently employed at the Delaware County Courthouse at P.O. Box 489 Jay, OK 74346 as a District Judge.

4. Defendant, KENNETH WRIGHT, III (hereinafter "Defendant Wright") is currently employed at the Delaware County Courthouse at P.O. Box 528 327 S. 5th St. Jay, OK 74346 as the Delaware County District Attorney.

5. Defendant, RANDALL YATES (hereinafter "Defendant Yates") was the former Delaware County Assistant District Attorney but now works in Oklahoma City, Oklahoma Office Of The Attorney General 313 NE Twenty-First St. Oklahoma City, OK 73105

6. Defendant, TRAVIS BAKER (hereinafter "Defendant Baker") is currently employed at the Delaware County Sheriff's Department at, 327 S 5th St. Jay, OK 74346, as a Deputy Sheriff for Delaware County.

7. Defendant, CAROLINE M. WEAVER (hereinafter "Defendant Weaver") is currently employed at the Delaware County Courthouse at, P.O. Box 407 Jay, OK 74346 as the Delaware County Court Clerk.

8. Defendant, ADRIANO CORONEL (hereinafter "Defendant Coronel") is currently employed at the STATE OF OKLAHOMA OFFICE OF MANAGEMENT & ENTERPRISE SERVICES RISK MANAGEMENT at, P.O. Box 53364 Oklahoma City, OK 73152-3364.

9. Defendant, TY ZABEL (hereinafter "Defendant Zabel") was the form STATE OF OKLAHOMA OFFICE OF MANAGEMENT & ENTERPRISE SERVICES RISK MANAGEMENT officer and is currently employed at the DEPARTMENT OF VETERANS AFFAIRS, located at, 2132 NE 36th St. Oklahoma City, OK 73111.

CIVIL COMPLAINT - 2

10. Defendant, GLEN MULREADY (hereinafter "Defendant Mulready") is currently employed at the OKLAHOMA INSURANCE COMMISSIONER, DEPARTMENT OF INSURANCE, located at 400 NE 50th St. Oklahoma City, OK 73105

11. Former PINE ISLAND RESORT employees (hereinafter "Boyd Stover & Elizabeth Shepley), BOYD STOVER is currently living in Jay, OK; ELIZABETH SHEPLEY is currently living, UNKNOWN.

12. All of the acts and/or failures to act alleged herein were duly performed by and/or are attributable to defendants, individually or acting by and through their agents and employees. Said acts and/or failures to act were within the scope of an agency or by employment, or ratified by defendants.

## Statement Of Facts

13. May 9, 2016 - Delaware County Sheriff's Department called out to Pine Island RV Resort, on a disturbance call between 7:30-8:30 p.m.

14. May 10, 2016 - The Plaintiff filed a formal "Employee Discipline Report" on Elizabeth Shepley.

15. May 10, 2016, Elizabeth Shepley filed "Petition of Protective Order", for "Harassment", was DISSMISSED by Shepley on the same day.

16. May 13, 2016 – Plaintiff submits notarized letter of resignation as Pine Island Resort's Board as Vice-President.

17. May 16, 2016 - Defendant BAKER was dispatched to Elizabeth Shepley and Boyd Stover, re-iterating the same complaint from May 9, 2016.

18. May 16, 2016 - Boyd Stover filed a "Petition of Protective Order" for "Stalking", against "THOMAS JAMES CARTER."

19. May 23, 2016 - Boyd Stover files an "Emergency Order of Protection".

20. May 26, 2016 - The Plaintiff hired Attorney John Thomas.

21. May 31, 2016 - Boyd Stover's case was "DISMISSED".

22. June 3, 2016 - DISTRICT COURT OF THE THIRTHTEENTH JUDICIAL DISTRICT OF THE STATE OF OKLAHOMA FOR DELAWARE COUNTY filed a "MISDEMEANOR WARRANT" against the Plaintiff.

23. February 18, 2019 - The Plaintiff receives a Pre-Adverse Action Letter from an Employment Firm in Tulsa that included a derogatory criminal background investigation.

24. February 25, 2019 - A FOIA request was delivered to Delaware County Clerk for, "Oath Of Office" of Defendants LITTLEFIELD, YATES, WRIGHT & SHERIFF HARLAN MOORE.

  *(a). March 12, 2019 - Delaware County Clerk wrote back, stating that YATES was no longer in the county, LITTLEFIELD & MOORE had Oaths on file, but District Attorney WRIGHT did not presently have Oath on file.*

  25. February 25, 2019 - A FOIA request mailed to Oklahoma Insurance Department, to the attention of OKLAHOMA INSURANCE COMMISSIONER, Glen Mulready, regarding "Judicial Burden of Proof Of Insurance" for LITTLEFIELD, WRIGHT, & MOORE.

  *(a). March 4, 2019 - A letter from Assistant General Counsel, Barron Brown was received, stating that the "insurance policies were not held in that office".*

  26. February 25, 2019 - A FOIA request was mailed to OKLAHOMA RISK MANAGEMANT OFFICE: Risk Manager, Ty Zabel, regarding the "Judicial Burden of Proof Of Insurance" for Defendants LITTLEFIELD, WRIGHT, & MOORE.

  *(a). A valid return address was provided; NO response was received.*

  27. February 26, 2019 - A notarized administrative remedy affidavit and lawful discovery questionnaire were mailed to Delaware County Prosecutor, Defendant Wright, regarding the active warrant against the Plaintiff with a respectful request for dismissal.

  *(a). A valid return address was provided; NO response was received.*

  28. March 20, 2019 - Plaintiff's Mother Rebecca Ellington, hired Attorney Winston Connor, to have the Warrant dismissed.

  29. October 7, 2019 - A notarized "Notice Of Default with Opportunity To Cure" was mailed to Delaware County Courthouse: Delaware Prosecutor, Defendant Wright, citing his willful neglect to respond to a lawful request and subsequent acceptance of the terms to adjudicate the matter res judicata, for damages sustained by the Plaintiff.

  *(a). A valid return address was provided; NO response was received.*

  30. October 6, 2019 - A notarized copy of the "Notice Of Default with Opportunity To Cure" RISK MANAGEMENT DEPARTMENT, without attention specified to any specific Officer.

  31. October 8, 2019 a letter, signed by Adriano Coronel, was returned stating that a Tort Claim had been initiated on Plaintiff's behalf with a deadline of three weeks to submit all evidence for, "Notice Of Default with Opportunity To Cure".

  32. October 15, 2019 - A notarized "Constructive Notice Regarding Conditional Acceptance of a Tort Claim" was mailed to RISK MANAGEMENT DEPARTMENT attention of Adriano Coronel, explaining acceptable time to respond to the Notice Of Default by Defendant Wright had expired, with conditional terms of acceptance of the Tort Claim;

  *(a). including specific Instructions to retract the Tort Claim and that a waiver of any of the Plaintiff's rights due to the misrepresented Tort Claim is invalidated.*

CIVIL COMPLAINT - 4

33. February 18, 2020 - A letter is received from the RISK MANAGEMENT DEPARTMENT, signed by Defendant Adriano Coronel, stating that a Tort Claim had been denied for

*a). failure to state a claim upon which relief can be granted.*

*b). that the time to file a Tort claim had expired.*

## COUNT I

(Violation of Civil Rights: Violation of Due Process)

(14th Amendments/42 U.S.C § 1983)

**§ 1981 - Equal rights under the law (a)**

34. Defendants Littlefield, Wright, & Yates, denied equal rights under the law by excluding Plaintiffs verbal testimony given to a Deputy Sheriff on May 9th, 2016 in the presence of a witness and accepting "hearsay" as evidence without factual evidence.

**(Related: 12 OK Stat § 12-2802)**

35. Defendant Baker failed to properly investigate the "hearsay" claim made by Elizabeth Shepley and Boyd Stover.

**(Related: 12 OK Stat § 12-2802)**

36. Defendant Weaver, LittleField, Yates, Wright, and Baker failed to ensure proper due process of the misdemeanor warrant by failure to follow proper procedure for notifying the accused, failure to enter the proper notation on case docket(s) upon correcting the "incorrect identifying data", and failure to seal the indictment from public record until the warrant had been executed against the Plaintiff.

**(Related: 12 OK Stat § 12-30, 12-54, 21-582)**

**WHEREFORE Plaintiff seeks relief as set forth below.**

## COUNT II

(Violation of Civil Rights: Deprivation of Rights)

(14th Amendments/42 U.S.C § 1983: (1), 18 U.S.C § 242)

**§1983 - Civil action for deprivation of rights**

333 U. S. 266-273, 333 U. S. 278 1(b) 2(a)

**(Related: 21 OK Stat § 21-142.8(a))**

37. Defendants Littlefield, Wright, and Yates acted under color of law in their capacity and deprived Plaintiffs rights to due process, to be notified of any court cases or warrants created, and to the right to be heard in the presence of the Plaintiff's peers.

CIVIL COMPLAINT - 5

38. Defendants Littlefield, Wright, and Yates denied the Plaintiff the opportunity to face the Plaintiff's accusers before filing a warrant of arrest.

**WHEREFORE Plaintiff seeks relief as set forth below.**

## COUNT III

(Violation of Civil Rights: Obstructing Justice & Depriving Plaintiff of rights or privileges)

(14th Amendments/42 U.S.C § 1983)

§1985 - Conspiracy to interfere with civil rights (1)(3)

39. Defendants Littlefield, Wright, and Yates conspired to interfere with Plaintiffs civil rights by obstructing justice by threat to Plaintiff's freedoms and liberties, by execution of a warrant and later Defendants Wright, Yates, Mulready, and Zabel refusing to respond to lawful requests in writing, notarized affidavit, delivered via certified Federal mail.

40. Defendants Wright, Yates, and Weaver obstruction of justice by reassigning the Plaintiffs name without proper notification of due process, including tampering with evidence in order to frame the "hearsay" evidence against the criminal record of "THOMAS JAMES CARTER", evident prima facie as a prior offender of domestic violence.

41. Defendants Littlefield, Wright, and Yates deprivation of Plaintiffs rights by threat of confinement or imprisonment for visiting the Private Property at Pine Island Resort, in which the Plaintiff was, at the time, Vice President of the Board of Directors and an active paying Member of Pine Island Resort.

42. Defendant Coronel depriving Plaintiff of rights or privileges by interfering with an established administrative remedy process, thereby subjugating or denial of rights by involuntary waiver under color of law, by coercion of Jurisdiction. Obstruction of justice by failure to lawfully address or rectify the prima facie evidence of criminal violations by subordinate public officers within the STATE OF OKLAHOMA; the State of his Public Office.

**WHEREFORE Plaintiff seeks relief as set forth below.**

## COUNT IV

(Violation of Civil Rights: Neglect)

§1986 - Action for neglect to prevent

**(Related: 21 OK Stat § 21-93 Negligence)**

43. The Defendants Littlefield, Wright, Yates and Baker neglected to prevent these actions by "willfully" accepting "hearsay" evidence as factual, and tampering with the evidence to frame it against the prior criminal record of a "THOMAS JAMES CARTER," acting under color of law by utilizing the STATE OF OKLAHOMA Statute pertaining to a pre-sentence profiling.

44. Defendants Wright, Yates and Weaver altering the court records to change the name of the Plaintiff without correcting the previous incorrectly identifying evidence, and notifying Judge Littlefield that an error had occurred.

45. Defendant Wright failure to respond a lawful request and failure to drop the charges against the Plaintiff, when the Plaintiff discovered that a Bench Warrant had been executed for his arrest, nearly 30 months earlier.

46. Defendant Baker willfully neglected to admit the verbal testimony and other written evidence of the Plaintiff into the evidence record and knowingly asserted hearsay as valid evidence.

**WHEREFORE Plaintiff seeks relief as set forth below.**

## COUNT V

(Violation of Civil Rights: Prosecution of Violation of Certain Laws)

**§1987 - Prosecution Violation**

**5 U.S. Code § 3331 - Oath Of Office**

**5 U.S.C. § 706(2)(A)(B)(D)(E), & 28 U.S.C § 801**

**(Related: 21 OK Stat § 21-142.16)**

47. Defendant Wright's failure to maintain an "OATH OF OFFICE"

48. Defendants Wright & Yates abuse of process, malicious prosecution, and filing a frivolous case against the Plaintiff for monetary gain.

49. Defendants Littlefield, Wright, Yates, and Baker engaging in an "arbitrary" and "capricious" decision made without regard for the facts and circumstances presented, displaying a disregard for the evidence, and acting in "BAD FAITH" in regard to "rules and standards".

50. Defendants Littlefield, Wright, Yates and Baker failure to fully investigate the facts or allegations made against Plaintiff.

51. Defendants Littlefield, Wright, Yates and Baker failure to adhere to "rules of evidence" by allowing inadmissible evidence into court records made against Plaintiff.

52. Defendants Littlefield, Wright, Yates and Baker misrepresentation or fabrication of evidence; obtaining apparent probable cause through false means and filing an unwarranted indictment.

53. Defendant Coronel abuse of process by initiating a Tort Claim without the expressed consent of the Plaintiff.

54. Defendant Coronel failure to provide Plaintiff a reasonable amount of time to gather requested evidence, denial of a Tort Claim without proper consideration of applicable statutes, including the "tolling" or "stop-the-clock" statute, thereby causing or aiding in the diminishing of rights to remedy and recourse available to the Plaintiff.

55. Defendant Coronel holding Plaintiff accountable for the Defendants: Littlefield, Wright, and Yates denial of due process; subsequently denying a Tort Claim based on time limitations; the effects of that denial, or failure to present a lawful and timely notification that a Warrant was held against Plaintiff for 30 months without Plaintiff's knowledge.

**WHEREFORE Plaintiff seeks relief as set forth below.**

## COUNT VI

(Violation of Fiduciary Duties by Truth Evasion, Neglect, & Concealment)

**5 U.S.C § 8477, 18 U.S.C § 205: Fiduciary Duties**

**28 U.S.C App Fed R Civ P Rule 26**

**(Related: 21 OK Stat § 21-93)**

56. Defendants Wright, Mulready, and Zabel failed to respond or discarded lawful requests of Discovery and related financial matters delivered via Certified Federal Mail which presented a substantial need and hardship upon the Plaintiff, thereby knowingly participated in Truth Evasion, Neglect, and Concealment by failure to act in accordance with the role and delegated powers of their public offices.

57. Defendants Wright, Mulready, Zabel, and Coronel willfully neglected lawful requests by failure to act in accordance with the role and delegated powers of their public offices by failure to properly adjudicate an administrative remedy process.

58.   Defendants Zabel and Coronel failed to provide aid to a victim of crime, or civil rights violations, caused by subordinate public officers, aka the Defendants, within the scope and authority of their public offices.

**WHEREFORE Plaintiff seeks relief as set forth below.**

## COUNT VII

(Misrepresentation and Identity Theft)

**28 U.S.C § 2680(h) & section 1346(b)**

59.   Defendant Coronel caused identity theft by initiating a Tort Claim, on behalf of a competent adult individual, without the expressed written consent of that individual, i.e. the Plaintiff; and

60.   Misrepresentation with intention by refusal to retract the self-initiated Tort Claim upon receiving the notarized instructions and expressed intentions of the Plaintiff.

61.   Defendants Wright, Yates, and Baker caused misrepresentation by prosecutorial misconduct with intent to maliciously prosecute, use of abuse of process, libel & slander, and deceit. (Related: 21 OK Stat § 21-781); with regard to acts or omissions of investigative or law enforcement officers of the United States Government, and subsequent claims made to their public offices.

**WHEREFORE Plaintiff seeks relief as set forth below.**

## COUNT VIII

(Violation of Civil Rights: Proceedings in Vindication of Civil Rights)

**§1988 - Proceedings in vindication of civil rights (a)(b)**

62.   The Plaintiff has a right to recourse, to seek and recover compensatory and punitive damages caused by all of the Defendant's actions for the aforementioned causes.

63.   At this time the Plaintiff seeks compensatory damages for attorney's fees in 2016, 2019.

64.   Loss of wages for two and a half years at 100K per annum job,

65.   Professional contracts,

66.   Lost time,

67.   Loss of reputation and credit,

68.   Humiliation,

69.   Mental suffering, and

70.  Permanent damage to the Plaintiff's criminal record, as these charges are still there viewable by Law Enforcement Officers even though they have been expunged (October 2019), and also prevent the Plaintiff from renewing his former Federal Security Clearance for purposes of gaining future employment.

71.  Actions of these public officers out of accordance with the United States Constitution, Federal Laws, and State Statutes; clearly representing a violation of their Oaths of Office to defend and uphold that Constitution. (Related: 21 OK Stat § 21-1265.14)

WHEREFORE Plaintiff seeks relief as set forth below.

### REQUEST FOR RELIEF

72.  WHEREFORE, Thomas Jeremiah Carter demands judgment for compensatory and punitive damages in the amount of $ 648,000 against Alicia Littlefield, Kenny Wright, Randall Yates, Travis Baker, Caroline Weaver, Adriano Coronel, Ty Zabel, and Glen Mulready, with appropriate and full restitution for the damages and mental suffering that Thomas Jeremiah Carter has undergone since 2016, as well as the Court's rebuke of the Prosecutors' Kenny Wright & Randall Yates, Judge's Alicia Littlefield, and Sheriff Deputy Travis Baker, and Risk Managements' Ty Zabel and Adriano Coronel's blatant and wrongful abuse of Thomas Jeremiah Carter and the Justice System, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

### DEMAND FOR JURY TRIAL

73.  Plaintiff hereby demands a jury trial on all issues raised in this complaint.

74.  It is not the intention of the Plaintiff to disrespect, nor to waste this Federal Court's time, nor disregard any lawful process or procedure of this Federal Court, but due to the nature and extent of the charges contained herein, the Plaintiff has not been able to secure a properly licensed attorney for representation, and therefore must proceed as Pro Se at this time. However, the Plaintiff will continue to seek the appropriate lawful representation.

Dated this 23rd day of June, 2020

*Thomas J. Carter* (signature)
Thomas Jeremiah Carter
P.O. Box 451292
Grove, OK 74345-1292
(918) 837-1599
tcgrandtechsol@gmail.com
NATIVE AMERICAN

