**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **THOMAS JEREMIAH CARTER,** | |
| **Plaintiff,** | |
| **v.** | Case No.  **20-cv-365-JFH-JFJ** |
| **ALICIA LITTLEFIED, KENNETH WRIGHT, RANDALL YATES, CAROLINE M.  WEAVER, ADRIANO CORONEL, and GLEN MULREADY,** | |
| **Defendants.** | |

## OPINION AND ORDER

Now before the Court are two separate motions seeking dismissal of Plaintiff Thomas Jeremiah Carter's Second Amended Complaint.  Dkt. No. 40; Dkt. No. 49.  For the reasons set forth herein, the Motion to Dismiss filed by Defendants Adriano Coronel ("Coronel"), Alicia Littlefield ("Littlefield"), Glenn Mulready ("Mulready"), Kenneth Wright ("Wright"), and Randall Yates ("Yates") [Dkt. No. 40] and the Motion to Dismiss filed by Defendant Caroline Weaver ("Weaver") [Dkt. No. 49] are GRANTED.

### Procedural History

On July 27, 2020, Plaintiff Thomas Jeremiah Carter ("Plaintiff") filed his original Complaint in this matter.  Dkt. No. 2.  Shortly thereafter, several defendants filed a motion to dismiss.  Dkt. No. 8.  Plaintiff obtained leave to amend his original and subsequent pleading,[1] and his Second Amended Complaint ("Complaint") is now the operative pleading in this matter.  Dkt. No. 34. Because the original motion to dismiss was rendered moot by the amendment of the

---

[1]  Dkt. Nos. 25, 28, 30, 32.

original complaint, the Court has not yet addressed the merits of any challenges to Plaintiff's claims.  *See* Dkt. No. 36.

## Factual Background

Plaintiff alleges that, while that he was working as an after-hours security guard and check-in manager at Pine Island RV Resort ("Pine Island") in May of 2016, he became involved in a dispute with Elizabeth Sheply ("Sheply"), a resident and employee of Pine Island.  Dkt. No. 34 at ¶¶ 20-22.  Sheply called the Delaware County Sheriff's Department, and the Sheriff dispatched a deputy to investigate.  *Id.* at ¶¶ 20-25.  An information was filed concerning the altercation and a warrant was issued for Plaintiff's arrest.  *See id.* at pp. 74-79 (Exs. 9-11).  Plaintiff claims he was not aware of the warrant until early 2019.  *Id.* at ¶ 81.

Two Petitions for Protective Order were filed following the dispute between Plaintiff and Sheply.  The first, filed by Sheply, was dismissed soon after filing.  *Id.* at pp. 37-44 (Ex. 2).  The second was filed by another individual associated with Pine Island, Boyd Stover ("Stover").  *Id.* at 55-71 (Exs. 5-7).[2]  It is not clear when Plaintiff first became aware of the Petition filed by Sheply, but it is evident from the Complaint that Plaintiff did know about, and hired counsel to represent him in connection with, the Petition filed by Stover.  *Id.* at ¶¶ 28-29.

Nearly three years later, in February 2019, Plaintiff received a letter from an employment firm informing him—apparently for the first time—that a warrant had been issued for his arrest.  *Id.* at ¶¶ 18, 81.  Soon after receiving that letter, Plaintiff filed a Freedom of Information Act ("FOIA") request with Delaware County Clerk Caroline Weaver.  The FOIA request sought information concerning Judge Alicia Littlefield, District Attorney Kenneth Wright, former

---

[2]  Although the Petition uses a different middle name, it appears from the exhibits that this Petition refers to Plaintiff.

Oklahoma District Attorney Randall Yates, and Sheriff Harlan Moore, all of whom were identified in the documents associated with the 2016 criminal proceedings. *Id.* at ¶ 32; *id.* at p. 74 (Information by Wright with a signature block bearing the name Randall Yates); *id.* at p. 78 (Finding of Probable Cause executed by Judge Littlefield).[3]  Additional FOIA requests and other requests were sent to Oklahoma Insurance Commissioner Glen Mulready and the Oklahoma Risk Management Office ("ORM"), where Adriano Coronel is employed. *Id.* at ¶¶ 33-35, 37-41. Plaintiff claims none of the Defendants provided any substantive responses to his various FOIA and discovery requests. *Id.* at ¶¶ 32-38.[4]

## Analysis

Broadly speaking, Plaintiff claims that the Defendants engaged in tortious conduct during the proceedings that gave rise to the warrant, which Plaintiff suggests was improperly obtained, was issued without affording Plaintiff due process, and was improperly made public. *E.g., id.* at ¶¶ 46-49.  Plaintiff further alleges that the Defendants violated his rights by enforcing, or threatening to enforce, the Protective Orders filed against him, *e.g., id.* at ¶¶ 54-55, by failing to respond to discovery and other requests, *e.g., id.* at ¶¶ 90-91, and by initiating, failing to retract, and refusing to provide additional time to gather evidence concerning an ORM tort claim proceeding, *id.* at ¶¶ 80-81.  Plaintiff asserts that Defendants' behavior constitutes a violation of

---

[3]  Although Plaintiff does not specifically discuss how Littlefield, Wright, or Yates were involved in these proceedings, their names appear on the Information and Finding of Probable Cause.  These documents, which are attached to the Complaint as exhibits, are "considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal." *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991); *see* Federal Rule of Civil Procedure 10(c).

[4]  It appears that one of Plaintiff's inquiries was construed as an attempt to file a claim pursuant to the Oklahoma Governmental Tort Claims Act.  The ORM, through Coronel, informed Plaintiff that a claim had been initiated on his behalf and asked Plaintiff to submit evidence in connection with that claim. Dkt. No. 43 at ¶¶ 39-41; *id.* at pp. 95-110 (Exs. 15-20).  The claim was ultimately denied.

42 U.S.C. § 1983, 42 U.S.C. § 1985(3), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and various other state and federal laws.

The Defendants argue that Plaintiff has not stated a claim for relief under any cognizable legal theory, that Plaintiff's claims are time-barred, and that all Defendants are entitled to qualified and statutory immunity.  Dkt. No. 40 at 6-10; Dkt. No. 49 at 3-14.  In addition, Defendants Littlefield, Wright, Yates, Coronel, and Mulready argue that any claims brought against them in their official capacities are barred by the Eleventh Amendment of the U.S. Constitution.  Dkt. No. 40 at 8-10.  Finally, Defendants Littlefield, Wright, and Yates submit that they are entitled to absolute immunity, as the allegations against them concern actions taken in their official capacities. Dkt. No. 40 at 4-5.  Having reviewed the Parties' briefing, the Complaint, and the exhibits thereto, the Court will address each of these arguments in turn.

### A. Plaintiff's Claims Against Littlefield, Wright, Yates, Coronel, and Mulready in their Official Capacities are Dismissed with Prejudice

The question of whether Defendants Littlefield, Wright, Yates, Coronel, and Mulready (the "State Defendants") are entitled to immunity under the Eleventh Amendment is a threshold one addressed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *See Davis v. California*, No. 17-2125-JAR-JPO, 2017 WL 4758928, at *1 (D. Kan. Oct. 20, 2017).  Generally speaking, the Eleventh Amendment shields states from, and deprives this Court of jurisdiction over, claims in which private citizens seeks money damages from a sovereign state.  *See Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1080 (10th Cir. 2006); *Opala v. Watt*, 454 F.3d 1154, 1157 (10th Cir. 2006) (recognizing that "[n]onconsenting States may not be sued by private individuals in federal court" (citation and quotation marks omitted)).  This shield extends to claims against state officers, like the State Defendants, to the extent those officers are sued in their official capacities.  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Such claims are, in effect, claims

against the state itself, and the Eleventh Amendment does not permit a plaintiff to accomplish indirectly what it cannot do by suing a state directly. *Id.*

There are exceptions to the general rule, two of which may apply in the context of claims for damages against state employees.[5]  The State may expressly waive its sovereign immunity, or Congress may override it. *See Graham*, 473 U.S. at 169.  "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Id.*

None of the exceptions to sovereign immunity apply here.  Oklahoma has not waived its Eleventh Amendment immunity.  Instead, Oklahoma has expressed its intent to maintain sovereign immunity for itself, its political subdivisions, and its employees acting within the scope of their employment, except as specifically set forth in the Oklahoma Governmental Tort Claims Act ("OGTCA"). *See* 51 Okla. Stat. §§ 151 *et seq.*; *Gradle v. Oklahoma*, 203 F. App'x 179, 183 (10th Cir. 2006).  Furthermore, Congress has not abrogated Oklahoma's sovereign immunity with respect to any of the claims set forth in the Complaint. *See, e.g., Patillo v. Larned State Hosp.*, 462 F. App'x 780, 783 (10th Cir. 2012) (affirming dismissal of claims against state entities on the grounds that the state entities' immunity "had not been abrogated or waived in connection with §§ 1981, 1983, 1985, or 1986"); *Ash v. Buttigieg*, No. CIV-22-371-R, 2022 WL 17225732, at *2 (W.D. Okla. Oct. 24, 2022) (recognizing that "claims brought under RICO and 42 U.S.C. § 1985(3) for damages against government officials require a waiver of sovereign immunity").  Because there

---

[5]  Claims against individuals acting in their official capacities may also be asserted where the plaintiff is seeking prospective relief pursuant to *Ex Parte Young*, 209 U.S. 123 (1908). *See Opala*, 454 F.3d at 1157.  Plaintiff's Complaint does not seek prospective relief, so this exception is inapplicable. *See Reyes v. First Jud. Dist. Attorney's Off.*, 497 F. Supp. 3d 994, 1001 (D.N.M. 2020) (recognizing that "for the *Ex parte Young* exception to apply, Plaintiffs must show that they are: (1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief").

has been no waiver and no Congressional abrogation of Oklahoma's sovereign immunity, this Court is without jurisdiction to hear Plaintiff's claims against the State Defendants in their official capacities.[6]  Those claims are dismissed with prejudice.

### B. Dismissal of the Remaining Claims is not Currently Warranted on Statute of Limitations Grounds

The Defendants argue that this action is time-barred.  The Court disagrees.  Plaintiff specifically alleged that he was unaware of the warrant for his arrest until thirty months after it issued.  *See* Dkt. No. 34 at ¶ 81.  Given this allegation—which must be accepted as true at this stage[7]—it simply cannot be said that the statute of limitations began to run in June of 2016.  Instead, the time period for filing an action began to run approximately thirty months later, around February 2019.  *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (recognizing that a § 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated" (citation and quotation marks omitted)).  There is currently no basis for dismissing Plaintiff's claims on statute of limitations grounds.

---

[6]  Weaver did not assert an Eleventh Amendment defense in her Motion.  *See* Dkt. No. 49.  The Court presumes that Weaver considers herself a county employee who is not entitled to sovereign immunity.  *See Couser v. Gay*, 959 F.3d 1018, 1023 (10th Cir. 2020) (recognizing that "county officers sued for damages in their official capacity are generally not entitled to Eleventh Amendment immunity").  In certain circumstances, however, a county officer will be immune if the claim against her will be paid out of the state's treasury.  *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 123 n.34 (1984) (recognizing that the Supreme Court has granted immunity to county officials where judgment against the county official would have the same effect as judgment against the state).  The Court need not address Weaver's immunity at this time in view of the disposition of Weaver's Motion and the absence of factual allegations suggesting that the Court's jurisdiction over Weaver's claims is in question.  *See Hennessey v. Univ. of Kansas Hosp. Auth.*, 53 F. 4th 516, 531 (10th Cir. 2022) (recognizing that a district court may raise the issue of Eleventh Amendment immunity *sua sponte*).

[7]  *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

## C.  Plaintiff's Remaining Claims are Dismissed Without Prejudice for Failure to State a Claim for Which Relief may be Granted

Having determined that the Court is without jurisdiction to hear Plaintiff's claims against the State Defendants in their official capacities, the Court now turns to the question of whether Plaintiff has satisfied his pleading obligations with respect to his remaining claims.  The Court holds that he has not.

At the pleading stage, it is Plaintiff's obligation to set forth a "short and plain statement" showing he is entitled to the relief he seeks.  Federal Rule of Civil Procedure 8(a)(2).  Plaintiff must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (citations and quotation marks omitted).  In addition, Plaintiff must demonstrate that his claim for relief is plausible; in other words, he must allege facts that, if true, would permit a factfinder to conclude that he is entitled to the relief sought.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Christy Sports, LLC v. Deer Valley Resort Company*, 555 F.3d 1188, 1191-92 (10th Cir. 2009).  While the Plaintiff need not recite "detailed factual allegations," his allegations must amount to more than labels, conclusions, or "formulaic recitation[s] of the elements" of his cause of action.  *Twombly*, 550 U.S. at 555 (2007) (internal quotation marks and citations omitted).

Because Plaintiff challenges the behavior of multiple government actors who allegedly participated in a conspiracy, it is particularly important that the Complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her."  *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013) (alteration in original) (citation and quotation marks omitted).  General allegations that a group of people conspired together to engage in wrongdoing will not pass muster; instead, Plaintiff must link each alleged wrongdoer to the actions he or she took or the agreements he or she entered.  *See*

*Wesley v. Don Stein Buick, Inc.*, 996 F. Supp. 1299, 1307-08 (D. Kan. 1998) (noting that the plaintiff's allegations of conspiracy must establish both the conspirators' agreement and the actions taken in pursuit thereof, and concluding the plaintiff's claims allegations the desk clerk, which were at most consistent with the alleged conspiracy, failed to meet this standard).

Plaintiff's *pro se* status does not lessen his obligation. Although the Court will liberally construe Plaintiff's allegations and arguments, the Court cannot "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997). *See also Hall*, 935 F.2d at 1110 (recognizing a "broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based"). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall*, 935 F.2d at 1110. Bearing these guiding principles in mind, the Court will address each of Plaintiff's claims in turn.

### 1. Conspiracy (18 U.S.C. § 241)

Plaintiff first alleges that Defendants Wright, Mulready, Coronel, Littlefield, and Yates engaged in conspiracy in violation of 18 U.S.C. § 241. But § 241 is a criminal statute that does not provide for a private right of action. *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) ("First, with respect to the claims arising under 18 U.S.C. §§ 241 . . . these criminal statutes, like other such statutes, do not provide for a private civil cause of action. This holding rests on settled law from this and other circuits."). The Complaint does not—and cannot—state a claim for relief under this provision. *See McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991). This claim is dismissed with prejudice.

## 2.   Deprivation of Rights (42 U.S.C.  § 1983)

Plaintiff next alleges that Defendants Littlefield, Wright, Yates, Weaver, and Coronel deprived him of his rights in violation of 42 U.S.C. § 1983.[8]   To state a claim under § 1983, a Plaintiff must allege facts showing that Defendants, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States.  *Buck v. Rhoades*, 598 F. Supp. 3d 1181, 1189 (N.D. Okla. 2022).

Broadly construed, Plaintiff's Complaint suggests that Defendants deprived him of his Fourteenth Amendment right to procedural due process.  A procedural due process violation occurs when a party is deprived of a *protected* interest without an appropriate level of process.  *See Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998).  The term "protected" is significant; not every deprivation of liberty gives rise to a due process violation, as procedural due process guarantees "apply only to those liberty and property interests encompassed by the fourteenth amendment."  *Brown v. Eppler*, 725 F.3d 1221, 1225 (10th Cir. 2013) (quoting *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir. 1991)).

Plaintiff generally asserts that he was deprived of his right to due process with respect to (a) the warrant issued against him, and (b) the filing of the Petition for Protective Order.  *See* Dkt. No. 34 at ¶¶ 45-48.  These allegations are nothing more than formulaic conclusions, which fail to describe how the Defendants' conduct deprived Plaintiff of any *protected* interest.  Plaintiff cannot simply point to the existence of a warrant and a protective order and say his interests were impaired; he must, at a minimum, allege facts demonstrating how those documents, by either their

---

[8]  Plaintiff suggests that 333 U.S. §§ 266-273 & 278 [sic] and 21 Okla. Stat. § 21-142.8 were also violated by these Defendants.  There is no Title 333 of the U.S. Code, and Title 33, which concerns Navigation and Navigable waters, is inapplicable here.  Oklahoma's Crime Victims Compensation Act, 21 Okla. Stat. § 142.1 *et seq.*, which provides a method of compensating those who suffer injury or death due to criminally injurious conduct, is likewise inapplicable.

enforcement or their existence, impacted his liberty.  *Cf. McDonald v. New Mexico Parole Bd.*, 955 F.2d 631, 633-34 (10th Cir. 1991) (recognizing that the petitioner would not be deprived of a liberty interest by state action, and was not entitled to the corresponding procedural safeguards, until the warrant was executed, and the petitioner was taken into custody).  Because Plaintiff has not alleged facts demonstrating how the warrant and protective order impaired his liberty or another protected interest, his Complaint fails to state a viable due process claim.  *See United States v. Gomez-Diaz*, 415 F. App'x 890, 895 (10th Cir. 2011) (concluding the appellant had "not been deprived of a liberty interest, nor [was] he otherwise entitled to due process safeguards, because the federal arrest warrant has not been executed and he has not been taken into federal custody").

Even if Plaintiff had alleged a protected interest that was impaired by the warrant or protective order, he has failed to allege facts that, if true, would support the conclusion that the process giving rise to either the warrant or the protective order was constitutionally deficient.  At most, Plaintiff suggests he should have been afforded a right to be heard and face his accusers. *See* Dkt. No. 34 at ¶¶ 46-47.  But the constitution does not afford a right to be heard or a right of confrontation prior to the issuance of an arrest warrant.  *See Baker v. McCollan*, 443 U.S. 137, 142–43 (1979) (recognizing that, while the states must "provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty," an "adversary hearing is not required").  And it appears that Plaintiff was afforded the opportunity to participate in the proceedings associated with the only protective order that was not immediately dismissed. *See* Dkt. No. 34 at ¶¶ 27-29.  Plaintiff's Complaint therefore fails to identify how the Defendants deprived him of the process he claims was owed to him.  Absent such allegations, he cannot state a claim for relief.

Plaintiff's § 1983 claim fails for the additional reason that he has not described how each Defendant contributed to the alleged deprivation of his rights. *Duckett v. Ross*, No. CV-13-312-W, 2014 WL 12817753, at *11 (W.D. Okla. Oct. 28, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)) (stating that, to be facially plausible, a plaintiff must allege facts that would permit a finding of liability with respect to the defendant under consideration).   Section 1983 imposes liability on a defendant for his or her own participation in the constitutional violation. *Id.* at *4.   Plaintiff cannot simply assert that a group of Defendants are collectively liable for a constitutional violation as a general matter. *Brashear v. Bd. of Cnty. Commissioners of Oklahoma Cnty.*, 402 F. Supp. 3d 1279, 1285.   Instead, Plaintiff must describe the action or actions by each Defendant that gave rise to the alleged deprivation. *Duckett*, 2014 WL 12817753, at *11.   Plaintiff has failed to provide such a description here.   Accordingly, his § 1983 claim must be dismissed.

### 3.   Conspiracy to Interfere with Civil Rights (42 U.S.C.  § 1985)(3))

Plaintiff next alleges that Defendants Littlefield, Wright, Yates, and Weaver conspired to interfere with Plaintiff's civil rights in violation of  42 U.S.C. § 1985(3).[9]   To state a claim for relief under this theory, Plaintiff must allege facts that, if true, would establish (a) the existence of a conspiracy (b) with the object of depriving Plaintiff of his rights based on Plaintiff's race or class, (c) an action taken in furtherance of that conspiracy, and (d) harm to the Plaintiff. *See Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).   Plaintiff's Complaint fails to set forth facts supporting the existence of these elements.

---

[9]  Count 3 of Plaintiff's Complaint purports to state a claim under both 42 U.S.C. §§ 1985(1) and (3).   But § 1985(1) concerns conspiracies to prevent individuals from "holding office, trust, or place of confidence," from discharging the duties thereof, or interfering with the performance of an officer's duties. 42 U.S.C. § 1985(1).   Plaintiff has failed to allege facts that would state a claim under that provision.

Plaintiff has failed to sufficiently allege the existence of a conspiracy because he has failed to set forth "specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998); *see also Stewart v. Coffey*, No. CIV-09-780-W., 2009 WL 10695065, at *4 (W.D. Okla. Oct. 5, 2009) (dismissing § 1985(3) claim where the plaintiff failed to allege facts tending to show the existence of an agreement among the defendants or concerted action). Plaintiff's Complaint alleges, at most, that a conspiracy existed. *See* Dkt. No. 34 at ¶ 52. But conclusory statements that certain individuals conspired together are insufficient to state a valid conspiracy claim. *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). *See Yancey v. Crow*, 450 F. App'x 766, 768 (10th Cir. 2011) (affirming dismissal of claims where the plaintiff failed to allege any communication among the defendants in support of his conspiracy claim, and failed to explain how the judge allegedly manipulated the outcome of his cases). Plaintiff must allege *facts* that, if true, would demonstrate the existence of a plan that was known and agreed to by each Defendant that is charged with responsibility for its consequences. No such allegations are present in Plaintiff's Complaint.

In addition, Plaintiff's claim fails to allege that the purported conspiracy at issue was "motivated by some racial or other class based invidious discriminatory animus." *Timo v. Associated Indem. Corp.*, 412 F. Supp. 1056, 1058 (W.D. Okla. 1976). This is an essential element of any § 1985(3) claim. *See Dixon v. City of Lawton*, 898 F.2d 1443, 1447 (10th Cir. 1990) (recognizing that a § 1985(3) claim "requires proof that a conspirator's action was motivated by a class-based, invidiously discriminatory animus"). Plaintiff has not alleged any facts suggesting that Defendants' actions were the result of race-based or class-based animus. *Cf. Stewart*, 2009 WL 10695065, at *4 (holding that, without supporting factual allegations, conclusory assertion that the defendant's acts were due to racial animus were insufficient to state a claim for relief).

12

Given the absence of any such allegations, Plaintiff has failed to state a claim under § 1985(3). *Timo*, 412 F. Supp. at 1058.

### 4. Civil Action for Deprivation of Rights

Count 4 of Plaintiff's Complaint is styled as a Civil Action for Deprivation of Rights. With respect to Judge Littlefield, this claim appears to be duplicative of Plaintiff's claims in Counts 3 and 4, and the additional allegations fail to cure the pleading defects identified discussed in Sections C.2 and C.3, *supra*. With respect to Coronel, the new allegations consist primarily of labels and conclusions that fail to demonstrate how Coronel deprived Plaintiff of a protected right, failed to correct a criminal violation, or knowingly participated in a conspiracy to achieve an improper purpose. Absent factual allegations concerning the actions taken by Littlefield and Coronel and the consequences those actions had on Plaintiff's protected rights, Plaintiff cannot state a viable claim for relief. *See Wilson*, 715 F.3d at 852 (10th Cir. 2013).

### 5. RICO Racketeering and Extortion

In Count 5, Defendant asserts that Defendants Littlefield, Wright, and Yates willfully used the arm of the state to extort money from Plaintiff in violation of the Racketeer Influenced and Corrupt Organizations Act.[10] Dkt No. 34 at ¶ 58. To successfully state a RICO claim, a Complaint "must allege a violation of 18 U.S.C. § 1962, which consists of four elements: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Gillmor v. Thomas*, 490 F.3d 791,

---

[10] To the extent Plaintiff is alleging a state-law claim for extortion, that claim is dismissed with prejudice. Oklahoma does not recognize a civil cause of action for extortion. *Chapman v. Chase Manhattan Mortgage Corp.,* No. 04–CV–0859, 2007 WL 2815426, at * 7 (N.D. Okla. September 24, 2007).

797 (10th Cir. 2007) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)).[11] Plaintiff's Complaint does not contain any facts that would tend to support the existence of any of these elements; to the contrary, Plaintiff's primary contention is that Sheply should have taken her Petition for Protective Order—which was voluntarily dismissed—to civil court. Plaintiff provides no facts demonstrating that Littlefield, Wright, and, Yates contributed to Sheply's decision or otherwise engaged in a pattern of racketeering activity. Absent such allegations, Plaintiff cannot state a RICO claim against those Defendants.

### 6. Trespass on the Case

At common law, an action for trespass on the case was a means to recover damages that were not "the immediate result of a wrongful act but rather a later consequence." TRESPASS, Black's Law Dictionary (11th ed. 2019). This cause of action was a precursor to modern-day tort claims, such as claims for negligence. *Id.* This cause of action has been supplanted by other legal remedies and is not an independent basis for relief.

### 7. Acts of Vindictiveness, 22 Okla. Stat. § 982

Title 22, Section 982 of the Oklahoma Statutes concerns presentence investigations of individuals convicted of felonies. *See* 22 Okla. Stat. § 982. It does not expressly provide a private right of action, and Plaintiff does not allege any facts that would support a claim for relief even if § 982 did afford a private remedy. Count 7 of Plaintiff's Complaint is therefore dismissed.

### 8. Fraud

Plaintiff's claim for fraud, which is set forth in Count 8 of the Complaint, likewise fails to state a claim for relief. To state a claim for fraud, Plaintiff must allege facts that, if true, would

---

[11] The requisite "pattern" of racketeering activity can be established only by pointing to at least two predicate acts. *Gillmor*, 490 F.3d at 798.

establish that (a) a Defendant made a false, material misrepresentation; (b) he made that misrepresentation either knowingly or with reckless disregard as to the truth; (c) the Defendant intended Plaintiff to act on the misrepresentation, and (d) Plaintiff relied on the misrepresentation to his detriment. *Bowman v. Presley*, 2009 OK 48, ¶ 13, 212 P.3d 1210, 1218. In addition, Plaintiff's allegations concerning the fraudulent misrepresentation must be alleged with particularity. *See* Federal Rule of Civil Procedure 9(b); *see also Jensen v. Am.'s Wholesale Lender*, 425 F. App'x 761, 763 (10th Cir. 2011) (affirming dismissal where the complaint failed to identify the culpable defendants or their wrongful conduct). This means that Plaintiff must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991).

Plaintiff's allegations fail to satisfy the heightened pleading standards applicable to a fraud claim. Plaintiff's primary allegation is that Defendants Wright and Coronel were informed that they had made false written conclusions, but refused to correct those statements. Dkt. No. 34 at ¶ 30. This brief assertion fails to provide either the substance of allegedly false statements or the time and place those statements were made. *Cf. Lawrence*, 924 F. 2d at 180. The Complaint does not state whether Wright and Coronel knew their statements to be false, nor does it explain how those statements impacted Plaintiff. Plaintiff cannot make out a claim for fraud by saying "Defendants said false and damaging things"; he must describe the details of the alleged fraud. Because he has not done so here, his fraud claim must be dismissed. *See Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1237 (10th Cir. 2000) (dismissing complaint that failed to specify the precise time frame of the alleged fraud, the place where the misrepresentations were made, or the contents thereof).

### 9.  Abuse of Process

In Count 9, Plaintiff claims that Defendants Littlefield, Wright, Yates, and Coronel are liable for abuse of process.  Under Oklahoma law, an abuse-of-process claim requires the plaintiff to establish "(1) the improper use of the court's process (2) primarily for an ulterior or improper purpose (3) with resulting damage to the plaintiff asserting the misuse." *Greenberg v. Wolfberg*, 890 P.2d 895, 905 (Okla. 1994).  Plaintiff does assert that Littlefield, Wright, Yates, and Coronel used the legal process improperly, but his allegations—while serious—are conclusory.[12]  Plaintiff simply allege that Defendants violated his rights and engaged in wrongdoing.  He must, instead, "give the court reason to believe that [he] has a reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174 (10th Cir.2007).  Because none of Plaintiff's allegations "recount the facts surrounding his alleged injury," Plaintiff has failed to state a claim for relief for abuse of process.  *Hall*, 935 F.2d at 1110, 1113-14 (affirming dismissal because the plaintiff's conclusory allegations that the defendants acted with malice were insufficient, without supporting factual averments, to support the conclusion that the defendants intentionally destroyed his religious items).

### 10. Assumption of Duty

In Count 10, Plaintiff alleges that Defendant Wright failed to maintain an oath of office, and that both Wright and Coronel failed to provide an unspecified corrective action.  *See* Dkt. No. 34 at ¶¶ 84-85.  None of the statutes cited by Plaintiff apply to Wright or Coronel.  Furthermore,

---

[12]  *See* Dkt. No. 34 at ¶¶ 71-82 (asserting that the Defendants filed a frivolous case for monetary gain, acted arbitrarily and capriciously in connection with evidence, failed to investigate facts and allegations against Plaintiff, failed to adhere to evidentiary rules, misrepresented or fabricated evidence, initiated a tort claim without Plaintiff's consent, failed to provide Plaintiff time to provide documents in connection with a tort claim, and failed to notify Plaintiff that a warrant had issued).

Plaintiff's Complaint fails to specify how Wright failed to maintain an oath of office, why that failure caused harm to Plaintiff, and the details of the corrective action that Wright and Coronel were required—but failed—to take.  Absent such factual details, Plaintiff's allegations cannot state a claim for relief.  Count 10 is therefore dismissed.

### 11. Invasion of Privacy

Count 11 of Plaintiff's Complaint broadly asserts that Defendants Littlefield, Wright, and Yates invaded Plaintiff's privacy by reporting an illegal warrant to credit and background agencies, resulting in economic damages to Plaintiff.  Oklahoma recognizes that an individual's right to privacy is invaded by (a) the "unreasonable intrusion upon the seclusion of another," (b) the "appropriation of [another's]name or likeness," (c) giving "unreasonable publicity" to another's private life, and (d) engaging in publicity that "unreasonably places the other in a false light before the public."  *McCormack v. Oklahoma Pub. Co.*, 1980 OK 98, ¶¶ 3, 8 613 P.2d 737, 739-40.

It appears that Plaintiff is proceeding under the fourth category.  To state a claim for false-light invasion of privacy, Plaintiff must allege facts that, if true, would permit a jury to conclude that "(1) the defendant gave publicity to a matter concerning the plaintiff that placed the plaintiff before the public in a false light, (2) the false light in which the Plaintiff was placed would be highly offensive to a reasonable person, and (3) the defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed."  *Tanique, Inc. v. State ex rel. Oklahoma Bureau of Narcotics and Dangerous Drugs*, 2004 OK CIV APP 73, ¶ 31, 99 P.3d 1209, 1217 (citations omitted).

Plaintiff's false-light invasion of privacy claim fails to pass muster.  As a preliminary matter, Plaintiff fails to allege that Littlefield, Wright, and Yates placed Plaintiff in a false light by publicizing something about Plaintiff that was either false or misleading, which he must do to state

a viable claim. *See Talley v. Time, Inc.*, 923 F.3d 878, 894 (10th Cir. 2019 (recognizing that "[t]rue statements are not actionable under Oklahoma's false light tort"). The publication referenced by Plaintiff is a bench warrant allegedly reported by Littlefield, Wright, and Yates. Dkt. No. 34 at ¶ 87. But Plaintiff does not allege that the reporting of the existence of the warrant was false or misleading; indeed it appears from Plaintiff's exhibits that the bench warrant did exist, and that any reports about its existence were accurate. *See* Dkt. No. 34 at p. 76 (Ex. 10). Accordingly, Plaintiff's allegations fail to demonstrate that the Defendants made a false and misleading report concerning Plaintiff, let alone that they did so knowingly or with reckless regard to the falsity of the disclosure. *Cf. Talley*, 923 F.3d at 899 (10th Cir. 2019) (denying relief where there was ample evidence to support the truth of the challenged statements). Plaintiff's claim for invasion of privacy is, therefore, dismissed for failure to state a claim on which relief can be granted.

## 12. Negligence

Plaintiff's claim of negligence likewise fails to state a claim upon which relief can be granted. Plaintiff generally asserts the parties accepted improper evidence, failed to respond to requests, failed to drop charges, failed to act in accordance with their duties, failed to provide aid to the victim of a crime, and otherwise failed to exercise reasonable care and breached duties of care owed to Plaintiff. *See* Dkt. No. 34 at ¶¶ 88-94. These allegations are conclusions, not facts. To state a claim for relief, Plaintiff must identify the *specific facts* which, if true, would permit a finding that Defendants owed a duty to Plaintiff and that, by breaching that duty, Defendants caused harm to Plaintiff. Because Plaintiff's current allegations amount to nothing more than conclusory statements, Plaintiff's negligence claim is dismissed without prejudice.

## D.  Whether Defendants are Immune from Suit

Each Defendant argues that either absolute or qualified immunity operates to bar Plaintiff's claims against them. *See* Dkt. No. 40 at 4-6 (asserting Littlefield, Wright, and Yates are entitled

to absolute immunity); *id.* at 6-7 (asserting all State Defendants are entitled to qualified immunity); Dkt. No. 49 at 9 (asserting Weaver is immune from suit on Plaintiff's state-law claims under the immunity afforded by the OGTCA); *id.* at 13-14 (asserting Weaver is entitled to qualified immunity).  Based on the facts currently alleged, the Court agrees that Defendants are immune from Plaintiff's claims.

### 1.  Judicial and Prosecutorial Immunity

At present, the specific allegations against Littlefield, Wright, and Yates concern the issuance of a warrant, the sealing of court records, the admission and presentation of evidence during court proceedings, and the notification and reporting of the results of court proceedings. *See* Dkt. No. 38 at ¶¶ 19, 30, 46-47, 51-52, 67, 76, 89.  These activities are precisely the types of activities that are clothed with judicial and prosecutorial immunity.  *See Hunt*, 17 F.3d at 1266-67 (recognizing that even unconstitutional and conspiratorial actions taken by judges while performing their judicial functions are clothed with absolute judicial immunity); *id.* at 1267 (holding that a prosecutor's actions taken in his role as an advocate for the state entitled to the protection of absolute immunity).[13]  Dismissal of Plaintiff's current claims against Littlefield, Wright, and Yates is therefore warranted on the alternative grounds of prosecutorial immunity.

### 2.  Immunity under the OGTCA

The OGTCA, which provides the exclusive means of pursuing a tort claim against the state of Oklahoma, its political subdivisions, and its employees, "generally immunizes individual state

---

[13]  *See also*, *e.g., Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1210 (10th Cir. 2022) (recognizing that prosecutorial immunity applies to even false statements made to support a finding of probable cause); *Quintana v. Adair*, No. CIV-15-63-FHS, 2015 WL 13203405, at *2 (E.D. Okla. May 6, 2015) (concluding that the plaintiff's allegations concerning improper issuance of a bench warrant, failure to give notice, improper assessment of a bond, and unlawful confinement all "deal[t] directly with [the defendant's] acts a Judge in a criminal case").

employees from liability for torts committed within the scope of their employment." *Melton v. Oklahoma ex rel. Univ. of Oklahoma*, 532 F. Supp. 3d 1080, 1092 (W.D. Okla. 2021) (citations and quotation marks omitted). Thus, to the extent Plaintiff is seeking relief for actions committed by Defendants while they were acting within the scope of their employment, those claims are barred. *See Allen v. Yates*, No. CIV. 08-215-FHS, 2008 WL 5244871, at *2 (E.D. Okla. Dec. 15, 2008) (recognizing that the OGTCA provides immunity to employees of political subdivisions who commit torts while acting within the scope of their employment); 15 Okla. Stat. §§ 156-157 (providing that a plaintiff may not pursue claims covered by the OGTCA in court without first filing a claim, and must bring any civil action within 180 days of the denial of such a claim).[14]

But it is not clear that Defendants were acting within the scope of their employment at the time of the challenged misconduct. Acts taken maliciously or in bad faith do not qualify as acts taken within the scope of employment for purposes of the OGTCA. *See* 51 Okla. Stat. § 152(12); *Melton*, 532 F. Supp. 3d at 1092. Because Plaintiff generally alleges that Defendants acted intentionally, maliciously, and in bad faith, the Court cannot conclude that the conduct challenged here is subject to OGTCA immunity. *See Melton*, 532 F. Supp. 3d at 1092 (denying motion to dismiss where "different conclusions could be drawn as to whether each Individual Defendant

---

[14] It appears that, whether intentionally or otherwise, Plaintiff did file an OGTCA claim, which was rejected on January 19, 2020. *See* Dkt. No. 34 at p. 110 (denying claim pursuant to the OGTCA as of January 19, 2020). The 180-day filing deadline for filing an action expired on July 17, 2020, ten days before Plaintiff filed his Original Complaint.

acted in good faith").  Accordingly, the Court declines to dismiss Plaintiff's claims on the alternative ground of OGTCA immunity.

### 3.  Qualified Immunity

All Defendants assert they are entitled to qualified immunity.  The doctrine of qualified immunity will preclude a party from maintaining an action against a state officer unless the officer has violated the opposing party's clearly established rights.  *See Perez v. Unified Gov't of Wyandotte County*, 432 F.3d 1163, 1165 (10th Cir. 2005).  It is Plaintiff's burden to establish that the Defendants' conduct violated a right that was protected by the United States Constitution or federal law, and that the right was so well-established at the time of the violation that "every reasonable official would have understood" that the challenged conduct violated the law.  *Perea v. Baca,* 817 F.3d 1198, 1202 (10th Cir. 2016) (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)).

The Court concludes that, for the previously discussed, Plaintiff has failed to allege facts that, if true, would support the inference that Defendants violated his rights, let alone rights that had been clearly established.  *See* Sections C.2 and C.3, *supra*.  Absent such a showing, dismissal of Plaintiff's claims is warranted on qualified immunity grounds.  *Hill v. Dep't of Hum. Servs. & CSE Agency*, No. 20-CV-25-TCK-JFJ, 2020 WL 4677302, at *4 (N.D. Okla. Aug. 12, 2020) (granting motion to dismiss where the complaint "fail[ed] Plaintiff's Complaint fails to allege that Defendants violated any clearly established constitutional right").

### Conclusion

Although Plaintiff appears *pro se*, he is qualified to set forth—and is required to set forth— the facts that give rise to his claim to relief.  Plaintiff has failed to do so here.  Accordingly, the Court grants Defendants' Motions to Dismiss.  Except as specifically discussed herein, the dismissal shall be without prejudice to refiling.

IT IS THEREFORE ORDERED that the Motion to Dismiss filed by Defendants Coronel, Littlefield, Mulready, Wright, and Yates [Dkt. No. 40] and the Motion to Dismiss filed by Defendant Weaver [Dkt. No. 49] are GRANTED.

Dated this 16th day of May 2023.

_____

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE